William R. JANOWSKI and Robert H. Barnhisel, Individually and on behalf of all others similarly situated, Plaintiffs,

v.

INTERNATIONAL BROTHERHOOD OF TEAMSTERS LOCAL NO. 710 PENSION FUND et al., Defendants.

No. 78 C 841.

United States District Court, N. D. Illinois, E. D.

July 24, 1980.

**22**

Albert L. Grasso, Robert A. Skirnick, Much, Shelist, Freed, Denenberg, Ament & Eiger, Chicago, Ill., for plaintiffs.

Marvin Gittler, Asher, Greenfield, Goodstein, Pavalon & Segall, Chicago, Ill., Stanley K. Stewart, Shimeall, Stewart & Brendemuhl, Schaumburg, Ill., Louis Linton Dent, Edward P. McNeela, Gary L. Griffin, Dent, Hampton & McNeela, Chicago, Ill., for defendants.

## DECISION ON CROSS–MOTIONS FOR SUMMARY JUDGMENT ON THE AMENDED COMPLAINT

McMILLEN, District Judge.

Both parties have filed motions for summary judgment on the Amended Complaint. Plaintiffs brought this action contesting certain amendments to the Local 710 pension plan, effective February 1, 1976. This case has been certified as a class action pursuant to F.R.C.P. 23(b)(2). Plaintiffs contend that the amendments violate the requirements of E.R.I.S.A. and the trustees' fiduciary duties thereunder. The motions raise solely questions of law.

The court rejects defendants' preliminary challenges to plaintiffs' right to bring this action, as well as defendants' suggested standard of review. Plaintiffs' standing to sue as participants in the plan is created by 29 U.S.C. § 1132(a)(3). We also hold that if the plan amendments violate E.R.I.S.A. requirements, then defendants' official actions are arbitrary and capricious as a matter of law. Thus we deal with plaintiffs' contentions *seriatim* on the merits, as follows.

■ 1. *The alteration of the "normal retirement age" from 57 to 65.* The old plan defined an employee's normal retirement date as the date when he attained his 57th birthday or otherwise became eligible for retirement benefits. Under § 1.16 of the new plan, normal retirement age is 65, "or if later," the participant's age on the tenth anniversary of his participation. Thus the normal retirement date under the new plan is the first day of the month following the participant's attainment of "normal retirement age," per § 1.17.

The crucial phrase "normal retirement age" is defined in E.R.I.S.A. at 29 U.S.C. § 1002(24) and in the Internal Revenue Code at 26 U.S.C. § 411(a)(8). It is the earlier of

(A) the time a plan participant attains normal retirement age under the plan, or

(B) the later of–

(i) the time a plan participant attains age 65, or

(ii) the tenth anniversary of the time a plan participant commenced participation in the plan.

Defendants contend that the definition in § 1.16 of the new plan is controlling, while plaintiffs contend that "normal retirement age" has acquired a technical meaning under this plan as a whole and that age 57 should be retained.

The above definition permits the plan to fix a normal retirement age, subject to certain limitations. Section 1.16 of the new plan does just that. Accordingly, defendants are correct that age 65 is the normal

retirement age under the new plan. See *Ernst & Ernst v. Hochfelder,* 425 U.S. 185, 197, 96 S.Ct. 1375, 1382–1383, 47 L.Ed.2d 668 (1976).

■ Absent a clearly expressed legislative intention to the contrary, the statutory language must ordinarily be regarded as conclusive. See *Consumer Product Safety Commission v. GTE Sylvania,* —— U.S. ——, ——, 100 S.Ct. 2051, 2055–2056, 64 L.Ed.2d 766 (1980). The legislative history here confirms, rather than detracts from, defendants' position. The House Ways and Means Committee Report twice declares that a given plan will define the normal retirement age, subject to the statutory limitations. 1974 U.S.Code Cong. & Ad. News, pp. 4639, 4670, 4687, 4726. The House Conference Report is to the same effect:

> ... In general, the accrued benefit is to be defined in terms of the benefit payable at normal retirement age. Normal retirement age is generally to be the age specified under the plan. However, it may not be later than age 65 or the tenth anniversary of the time the participant commenced participation, whichever last occurs.

> .    .    .    .    .

1974 U.S.Code Cong. & Ad.News pp. 5038, 5054–55.

Defendants' position is also consistent with the interpretation adopted by the agency charged with the responsibility to administer these new statutory provisions. Cf. *Zenith Radio Corp. v. United States,* 437 U.S. 443, 450–51, 98 S.Ct. 2441; 2445–2446, 57 L.Ed.2d 337 (1978). Department of Treasury Regulation 26 C.F.R. (1979) § 1.411(a)–7(b) is squarely supportive of that position, as is Revenue Ruling 78–120, 1978–1 C.B. 117, requiring special treatment below age 55.

Plaintiffs rely upon the meaning of "normal retirement age" as generally understood *prior* to the enactment of E.R.I.S.A. That argument cannot stand against the language of the statute and its legislative history. While plaintiffs cite an interpretive letter from A.D. Fields, Chief, Employee Plans Technical Branch (I.R.S.), which apparently supports their position (Exhibit A to plaintiffs' reply memorandum), that opinion likewise is overcome by the much weightier sources to the contrary.

Plaintiffs' claim that 57 is technically the "normal retirement age" under the new plan is the linchpin for several alleged E.R. I.S.A. violations. In view of our conclusion that age 65 is the "normal retirement age" under § 1.16 of the new plan, the remainder of this decision addresses only plaintiffs' claims that do not depend upon their erroneous interpretation of "normal retirement age."

■ 2. *Section 3.10 of the new plan should provide for a minimum vested pension for participants who were employed before February 1, 1976.* Section 3.10 of the new plan provides for the calculation of a vested pension. The participant becomes eligible under § 3.09 after 10 years of service if other pension alternatives are not available to him. Section 3.10 provides for a level of benefits which plaintiffs correctly contend is in part inconsistent with 26 U.S.C. § 411(b)(1)(D) and 29 U.S.C. § 1054(b)(1)(D). These sections provide in pertinent part as follows:

> (D) Subparagraphs (A), (B), and (C) shall not apply with respect to years of participation before the first plan year to which this section applies, but a defined benefit plan satisfies the requirements of this subparagraph with respect to such years of participation only if the accrued benefit of any participant with respect to such years of participation is not less than ...
> (i) his accrued benefit determined under the plan, as in effect from time to time prior to September 2, 1974 . . . .

Defendants contend that the old plan, dated August 1, 1973, contained no accrued benefit formula such as now appears in § 3.10 of the new plan and that therefore the foregoing subsection (i) is inapplicable. However, the old plan did provide for specific benefits to persons retiring at age 57 after 20 years of qualified service. Since the full benefit was $450.00 per month,

¹⁄₂₀th was implicitly accrued in each of the 20 years of qualified service. Thus § 3.10 of the new plan should be liberalized as proposed by plaintiffs in their filing of February 4, 1980.

■ 3. *Defendants have failed to provide appropriate accrual for part–time service.* This claim attacks § 4.04 of the new plan, which allocates service credit on three broad bases: (1) those with less than 20 weeks of covered service receive no credit, (2) those with 20 but less than 35 weeks receive one–half credit, and (3) those with 35 weeks or more receive one full year's credit.

This rough allocation of credit is, in our opinion, contrary to 26 U.S.C. § 411(b)(3)(B), which provides as follows:

(B) *Less than full time service.* For purposes of this paragraph, except as provided in subparagraph (C), in the case of any employee whose customary employment is less than full time, the calculation of such employee's service on any basis which provides less than a ratable portion of the accrued benefit to which he would be entitled under the plan if his customary employment were full time shall not be treated as made on a reasonable and consistent basis [such a basis is mandated by § 411(b)(3)(A).]

29 C.F.R. (1979) § 2530.200b–3(e)(ii) provides that each week of service be treated as the equivalent of 45 service hours. If each week is the equivalent of 45 hours, § 4.04 of the new plan gives no credit for less than 900 hours because it gives none for less than 20 weeks. The plan gives one–half year credit for 900 to 1574 hours, and a full year's credit for 1575 or more hours. The regulations, however, offer two examples which are designed to satisfy the statutory requirement: (1) each employee with more than 1000 hours of covered service is granted credit on a pro rata basis, or (2) those with more·than 1000 hours are granted a percentage of a full year's credit in gradations of 10 percent (29 C.F.R. (1979) § 2530.204–2(c)(4)).

Therefore, although defendants are not required by § 411(b)(3)(C) to grant credit for the first 1000 hours (approximately 21 service weeks at 45 service hours per week), the statute and regulations require a more accurate pro rata credit thereafter. Section 4.04 of plaintiffs' proposed plan amendment, filed February 4, 1980, should be incorporated in the new plan, thus conforming it to the "ratable portion of the accrued benefit" requirement set forth in § 411(b)(3)(B).

■ 4. *Section 3.08 of the new plan sets out a deficient schedule for awarding early retirement benefits.* Plaintiffs have demonstrated that the schedule in § 3.08 reduces early retirement benefits which were payable under the prior plan. (See paragraph 18 of the Amended Complaint which, although denied in defendants' answer, has subsequently been effectively conceded.) A reduction violates 26 U.S.C. § 411(d)(6), and 26 C.F.R. (1979) § 1.411(d)–3(b).

Defendants amended the new plan effective July 1, 1979, by permitting participants who entered covered employment prior to July 1, 1976 to choose the previous early retirement benefits. The amendment should have applied retroactively, in order to make it available to those persons who terminated their employment prior to the amendment.

Since the improper schedule contained in the new plan prior to the amendment could be re–adopted by the trustees, and since retroactivity is not specifically provided for, plaintiffs are entitled to injunctive relief on this phase of their case.

■ 5. *Defendants have improperly reduced vested retirement benefits.* Under the old plan, an employee with 20 or more years of service was entitled to a deferred benefit payable for life after reaching the age of 65. (Article III, Sec. 18.) Under § 3.09 of the new plan, a vested pension benefit is available to those covered employees with more than 10 years of service, but, for employees with 20 or more years of service the deferred benefit is less than would have been paid under the old plan. Thus the benefit level for these employees, when the employee is not eligible for some

other plan benefit, has been reduced relative to the old plan. This also violates § 411(d)(6).

Defendants contend that, in practice, the deferred benefit option available under the old plan is made available to covered employees who would have qualified thereunder. This practice is not spelled out in the new plan nor in its descriptive pamphlet. 29 U.S.C. § 1022(b) requires that the plan description and summary plan description describe all provisions for non–forfeitable benefits.

Therefore, the practice which defendants contend is available under the new plan should be specifically provided for, as contained in plaintiffs' proposed amendment to § 3.10, filed February 4, 1980.

Both parties have asked for attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g). We perceive no ground for making such an award to defendants, and any award to plaintiffs will depend upon the proper interpretation and application of § 1132(g).

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that plaintiffs file an order for declaratory and injunctive relief, agreed as to form, within fifteen (15) days of the entry hereof, which will accomplish the following amendments to defendants' plan as it now exists:

(1) Section 3.08 shall provide for early retirement benefits on at least the same terms as under the old plan, retroactively for those who terminated employment prior to July 1, 1979, without any further reduction by amendment;

(2) Section 3.10 shall provide for calculation of a vested pension, including appropriate accrual of benefits for covered service prior to 1976;

(3) Section 3.10 shall be amended to provide for a deferred benefit, as under the old plan, payable after 20 or more years of covered service at age 65;

(4) Section 4.04 shall provide a reasonable and consistent basis for calculating accrual of benefits for less than full time service.

Plaintiffs may also serve and file a motion for attorneys' fees and costs, supported by affidavits of the time expended and the qualifications of the attorney charging such time, to be briefed pursuant to Local Rule 13.

This case will be called for entry of a judgment order on Monday, September 8, 1980 at 11:30 a.m.